UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

**JOHN DOE**,

    Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A**,

    Defendants.

_____/

## COMPLAINT

Plaintiff, ▇▇▇▇▇▇ ("Plaintiff"), hereby brings this design patent infringement action against Defendants, THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" hereto (collectively "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. This action is for patent infringement arising under the patent law of the United States, 35 U.S.C. § 101, et seq., including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

2. Plaintiff files this action to combat foreign design patent infringers who trade upon Plaintiff's invention, reputation, and goodwill by selling and/or offering for sale unlicensed products, namely the ▇▇▇▇ ("Infringing Products" or "▇▇▇▇"). The Defendants operate several Amazon and/or Walmart storefronts (the 'Seller Aliases') intended to appear as if they are selling genuine products, while actually selling infringing products to unsuspecting consumers. The Seller Aliases share unique identifiers, such as similar product images and specifications, advertising, design elements, and similarities of the infringing products themselves, establishing a logical

relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's patented design, as well as to protect innocent consumers from purchasing Infringing Products on Amazon and Walmart. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court also has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 35 U.S.C. § 271.

5. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Florida, through at least the fully interactive, commercial Seller Aliases. Specifically, Defendants are reaching out to do business with Florida residents by operating the Seller Aliases through which Florida residents can purchase Infringing Products. Each of the Defendants has targeted sales from Florida residents by operating online stores that offer shipping to the United States, including Florida, accept payment in U.S. dollars and, on information and belief, has sold Infringing Products to residents of Florida. Each of the Defendants is committing tortious acts in

Florida, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Florida.

6. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are not residents in the United States and therefore there is no district in which an action may otherwise be brought. Defendants are thus subject to the Court's personal jurisdiction.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this judicial district and therefore subject to the Court's personal jurisdiction.

## THE PARTIES

10. Plaintiff is domiciled and residing in China. Plaintiff owns and operates his business.

11. Plaintiff is the owner by assignment of the attached U.S. Design Patent, U.S. Patent ▇▇▇▇▇▇▇▇▇▇ A true and correct copies of which are attached hereto as **Exhibit 1** ("Plaintiff's Patent").

12. Upon information and belief, Defendants are individuals or business entities based in China, who own and/or operate one or more e-commerce stores.

13. The Defendants offer for sale the same infringing product under different brand names and color schemes.

14. Defendants are selling the same Infringing Products. Furthermore, the products share similar or identical descriptions and product images, including key works such as ███████ ███████████████████████████████

15. Moreover, it is common practice for Chinese business entities to open and operate multiple Amazon and/or Walmart storefronts under different names despite being owned and operated by the same entity. It is also common for Chinese businesses to purchase Amazon and/or Walmart storefronts from other vendors and to open multiple storefronts under different names for the same entities.

## FACTUAL BACKGROUND

16. Plaintiff sells his own ██████ on Amazon, which embody and practice the Patent. Plaintiff's ██████ are well established on Amazon and enjoy quality customer reviews and high ratings.

17. Plaintiff has not granted a license or any other form of permission to Defendants to practice the Patent.

18. On information and belief, Defendants are an interrelated group of infringers working in active concert to willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Patent in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same infringing products with minor variations as well as similar if not identical product images and descriptions. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn

Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

19. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Seller Aliases. On information and belief, Defendants regularly create new Amazon and/or Walmart storefronts to allocate potential liability. Such Defendant Amazon and/or Walmart Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

20. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Seller Aliases. The Seller Aliases include notable common features beyond selling the exact same infringing product, including the same product images, accepted payment methods, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, and the use of the same text and images.

21. In addition to operating under multiple fictitious names, Defendants in this ▓▓▓▓ Case and defendants in other similar ▓▓▓▓ against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

22. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can

continue operation in spite of Plaintiff's enforcement efforts, such as take down notices. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar ▮ indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

23. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe the Patent, and continue to do so via the Seller Aliases. Each Defendant Amazon and/or Walmart Store offers shipping to the United States, including Florida, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Florida.

24. Defendants' infringement of the Patent in the offering to sell, selling, or importing of the Infringing Products is willful.

25. Defendants' infringement of the Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products in Florida, is irreparably harming Plaintiff.

## COUNT I
### (Design Patent Infringement)

26. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

27. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe the ornamental design claimed in the Patent, i.e., the ornamental design for a ▮, as exemplified below:

| Plaintiff's Patent | Infringing Products |
|---|---|
|  |  |

28.     Defendants have infringed the Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

29.     Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert therewith from infringing the Patent, Plaintiff will continue to be irreparably harmed.

30.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1.     That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

      a.      offering for sale, selling, and importing any products not authorized by Plaintiff that embody or practice any reproduction, copy or colorable imitation of the ornamental design claimed in the Plaintiff's Patent;

      b.      aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patent; and

      c.      effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2.      Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, eBay and Walmart, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Amazon and/or Walmart search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

      a.      disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patented Design;

      b.      disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patented Design; and

      c.      take all steps necessary to prevent links to the Seller Aliases identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Seller Aliases from any search index.

3.      That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the Patent, including and not limited

to all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' infringement of the Patent.

4. That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284.

5. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6. Any and all other relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

**DATED:  November 12, 2025**          Respectfully Submitted,

**REINER & REINER, P.A.**
*Counsel for Plaintiff*
9100 South Dadeland Blvd., Suite 901
Miami, Florida   33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com; eservice@reinerslaw.com

By: _____
**DAVID P. REINER, II, ESQ.**; FBN 416400