UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-25262-CV-MARTINEZ

YINBING CHEN,

     Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

     Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff's Motion for Entry of Preliminary Injunction. ECF No. 32.[1]  Plaintiff seeks the entry of a preliminary injunction, including the entry of an order restraining assets, against Defendants FineWay, MIVERYEA, Cloakman, QH INC, lucky lin, Alli-beauty, DGDUBRB, and Pupu Network Technology (collectively, "Defendants"),[2] based on alleged patent infringement, pursuant to the Court's inherent authority, 35 U.S.C. § 283, Fed. R. Civ. P. 65, and the All Writs Act, 28 U.S.C. § 1651(a).

---

[1] The Honorable Jose E. Martinez referred Plaintiff's Motion for Entry of Preliminary Injunction to the undersigned.  ECF No. 33.

[2] The Motion for Entry of Preliminary Injunction originally sought relief against the fourteen defendants referred to in the Amended Complaint as the Individuals, Partnerships, and Unincorporated Associations identified on Schedule A.  *See* ECF No. 32.  Schedule A can be found on the public docket, including within the Amended Complaint.  *See* ECF No. 15-1.  On January 27, 2026, however, Plaintiff filed a notice of voluntary dismissal as to six of the fourteen defendants: Joyhalo, Newway-Pwer, THT Trading Co., Ltd., KBISHTIE, dwnkove-US, and visnfa.  ECF No. 27.  Accordingly, this Report and Recommendation addresses Plaintiff's requests for relief only as to Defendants FineWay, MIVERYEA, Cloakman, QH INC, lucky lin, Alli-beauty, DGDUBRB, and Pupu Network Technology (collectively, "Defendants").  A Revised Schedule A listing the Defendants who are the subject of this Report and Recommendation is attached hereto.

The Court held a hearing on February 10, 2026, at which only counsel for Plaintiff was present and available to provide evidence supporting Plaintiff's motion.  Defendants have not responded to Plaintiff's motion, have not made any filings in this case, and have not appeared in this matter, either individually or through counsel.  Having reviewed Plaintiff's motion, the pertinent portions of the record, and the relevant legal authorities, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 32, be **GRANTED**.

## I.   FACTUAL BACKGROUND

Plaintiff Yinbing Chen is the owner of U.S. Patent No. D1,007,236S (the "'236 Patent" or the "Griddle"), which was lawfully issued on December 12, 2023 and is registered with the United States Patent and Trademark Office.  *See* ECF No. 32-1 at ¶ 3; ECF No. 32-2.  Plaintiff's products, including the Griddle, are known for their distinctive patented designs.  ECF No. 32-1 at ¶ 8.  The Griddle products embodying these designs are associated with arduous quality standards and innovative structure and design.  *Id.* at ¶ 6.  Plaintiff uses distinct patented designs that are broadly recognized by consumers, including but not limited to the '236 Patent designs, in connection with his Griddle products.  *Id.* at ¶ 8.

Defendants, through the e-commerce stores operating under their seller storefronts identified on Schedule A, have promoted, offered for sale, sold, and/or imported products bearing Plaintiff's '236 Patent ("Infringing Products").  *See* ECF No. 32-1 at ¶¶ 7-12; ECF No. 19-6 at ¶ 2; *see also, e.g.*, ECF Nos. 32-3, 32-4.  Each Defendant offers to ship Infringing Products nationwide, including to the State of Florida.  ECF No. 32-1 at ¶¶ 9, 11.  While the Infringing Products are similar or even identical to Plaintiff's Griddle products, they are of poor quality and expose customers to safety risks, leading consumers who mistakenly purchased Infringing Products to

question and criticize Griddle products, adversely impacting Plaintiff's goodwill.  ECF No. 32-1 at ¶ 7.

Plaintiff has submitted sufficient evidence showing that each Defendant has infringed at least one or more designs of the '236 Patent.  *See* ECF No. 32-1 at ¶¶ 9-10; ECF No. 19-6 at ¶ 2; ECF No. 32-3; ECF No. 32-4.  Defendants are not licensed or authorized to use the '236 Patent, and none of the Defendants are authorized retailers of genuine Griddle products.  *See* ECF No. 32-1 at ¶ 12; *see also id.* at ¶ 9.  Plaintiff investigated Defendants' infringing activities by analyzing each of their e-commerce stores operating under the seller storefronts listed in Schedule A and determined that Defendants were offering for sale Infringing Products bearing the '236 Patent. ECF No. 32-1 at ¶¶ 9-10.  Specifically, Plaintiff examined the products displayed on Defendants' storefronts, the price at which the products were offered for sale, shipping information for the products, the address for each e-commerce store published online, and other features commonly associated with e-commerce stores selling infringing products, *see id.*; ECF No. 10-1 at ¶ 5; *see also* ECF No. 32-4; ECF No. 32-5, as well as photographs of the products purchased from each Defendant's e-commerce storefront, *see* ECF No. 32-1 at ¶¶ 9-10; ECF No. 32-3; ECF No. 32-4, and concluded that Defendants were offering for sale Infringing Products, *see* ECF No. 32-1 at ¶¶ 9-10.

On November 12, 2025, Plaintiff filed a Complaint against Defendants for design patent infringement (Count I).  On November 26, 2025, Plaintiff filed an Amended Complaint re-asserting the same claim against Defendants.  ECF No. 15.  On the same date, Plaintiff filed an *Ex Parte* Motion for Entry of Temporary Restraining Order, ECF No. 11, and a Motion for Order Authorizing Alternate Service of Process on Defendants, ECF No. 10.  On December 16, 2025, the Court entered an Order granting Plaintiff's Motion for Entry of Temporary Restraining Order,

ECF No. 21, and an Order granting Plaintiff's Motion for Order Authorizing Alternate Service of Process, ECF No. 22.

Pursuant to the December 16, 2025 Orders, Plaintiff served each Defendant, by e-mail and through Plaintiff's designated website for serving notice, with a copy of the Amended Complaint and other filings in this matter.  *See* ECF No. 25.  Plaintiff subsequently served each Defendant with a copy of Plaintiff's Motion Entry of Preliminary Injunction and the Court's Order Setting Preliminary Injunction Hearing and Briefing Schedule.  *See* ECF No. 35.

## II.    LEGAL STANDARD

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65.  To obtain a preliminary injunction, Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

As outlined below, Plaintiff submitted sufficient evidentiary support to warrant enjoining Defendants from engaging in the alleged infringing activities.  *See e.g.*, *Louis Vuitton Malletier, S.A. v. Lin*, No. 10-61640-CIV-HUCK, 2010 WL 11550032 (S.D. Fla. Sept. 2010) (granting preliminary injunction against the defendants who failed to respond or appear in the case after the plaintiff presented sufficient evidence of infringing activity to support its motion for preliminary injunction).

## III.    ANALYSIS

The declarations and exhibits that Plaintiff submitted in support of its motion support the following conclusions of law:

A.  Plaintiff has a substantial likelihood of success on the merits of its claims.  Plaintiff has a strong probability of proving at trial that Defendants have promoted, offered for sale, sold, and/or imported products that infringe directly and/or indirectly the designs in Plaintiff's '236 Patent.

B.  Because of the infringement of Plaintiff's '236 Patent, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted.  The following specific facts—as set forth in Plaintiff's Amended Complaint, the instant motion, and declarations and exhibits accompanying the motion, Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order (ECF No. 11), and Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants (ECF No. 10)— demonstrate that  immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers if a preliminary injunction is not issued:

   i.  Defendants own, operate, and/or control interactive e-commerce stores on Amazon.com and Walmart.com operating under the Shop Names identified in Schedule A which promote, offer for sale, sell, and/or import into the United States Infringing Products in violation of Plaintiff's rights; and

   ii.  There is good cause to believe that more Infringing Products will appear in the marketplace and that Plaintiff may suffer loss of sales for Plaintiff's genuine Griddle products as well as loss of goodwill.

C.  The balance of potential harm to Defendants in restraining their trade in Infringing Products through their e-commerce stores and freezing their ill-gotten profits if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its exclusive right as to Plaintiff's '236 Patent, Plaintiff's reputation, and its goodwill if such relief is not issued.

D.  The public interest favors issuance of a preliminary injunction to protect Plaintiff's respective interests and protect the public from being defrauded by the promotion, offering for sale, selling, and/or importation of Infringing Products.

E.  The Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."  35 U.S.C. § 283.

F.  Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief."  *Levi Strauss & Co.*, 51 F.3d at 987 (citing *FTC v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G.  In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal patent laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 32, be **GRANTED**.  The undersigned further recommends that the preliminary injunction provide as follows:

(1)   Each Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them shall be preliminarily enjoined and restrained from:

a.   offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy, or colorable imitation of the designs claimed in Plaintiff's '236 Patent;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's '236 Patent; and

c. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Each Defendant and any person in active concert or participation with them who has actual notice of this Order shall be preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

(3) Within five (5) business days of receipt of this Order, any third-party providers, including PayPal and Amazon Pay, shall, to the extent not already done, for any of Defendants or any of Defendants' Online Markets, Shop Names, or websites:

a. Locate all accounts and funds connected to Defendants' Shop Names and Online Markets, including, but not limited to, any financial accounts connected to the information listed in Revised Schedule A attached hereto; and

b. Restrain and enjoin any such accounts or funds from transferring or disposing of money or any other of Defendants' assets until further ordered by this Court.

(4) Pursuant to 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), to pay for any costs or damages to which any party may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further order of the Court. In the Court's discretion, the bond may be subject to increase should a motion be made in the interest of justice.

(5)     This Preliminary Injunction shall remain in effect during the pendency of this action or until such further date set by the Court.

(6)     This Preliminary Injunction shall apply to the Shop Names identified in the Revised Schedule A attached hereto, associated e-commerce stores and websites, and any other seller identification names, domain names, e-commerce stores, websites, or financial accounts which are being used by Defendants for the purpose of offering for sale, selling, or distributing Infringing Products.

(7)     This Preliminary Injunction shall no longer apply to any Defendant or associated e-commerce store name dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction.

(8)     Any Defendant or financial institution account holder subject to this Preliminary Injunction may petition the Court to modify the asset restraint set out in this Preliminary Injunction.

(9)     Any Defendant subject to this Preliminary Injunction may appear and move to dissolve or modify the Preliminary Injunction on two-days' notice to Plaintiff or on shorter notice as set by this Court.

Plaintiff's counsel **SHALL SERVE** a copy of this Report and Recommendation on Defendants **by no later than February 11, 2026** and shall file proof of service thereof.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge.  Accordingly, the parties shall have **until February 17, 2026** to file and serve any written objections to this Report and Recommendation. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 10th day of February 2025.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Jose E. Martinez
      Counsel of Record

9

**REVISED SCHEDULE A**

| NO. | Platform | Shop Name | Online Market |
|-----|----------|-----------|---------------|
| 2 | Amazon | FineWay | https://www.amazon.com/Inch-Blackstone-Griddle-Cover-WrapAround/dp/B0D9ND9SNP/ref=sr_1_1?dib=eyJ2IjoiMSJ9.7ZvUaDcqCTSEM74hnAAAUqXN9G9LL4BrPNyvkiXdb6GhaiS63YqSHHWPss 1KLrbB.vCcddx48FPn9K6DyitSvbpkFkrEx41x7HrNNg77AnU&dib_tag=se&m=A2TRNPLA6S18IB&marketplaceID=ATVPDKIKX0DER&qid=1758942032&s=mercha nt-items&sr=1-1&th=1 |
| 3 | Amazon | MIVER YEA | https://www.amazon.com/Blackstone-Accessories-Wrap-AroundFood-GradeProtection/dp/B0F1374356/ref=sr_1_5?dib=eyJ2IjoiMSJ9.--JY8THbgYAsvC0BpoKMxuFclr3kR26QA_XX_WbELc60LnR1i0QJz rDhAbIEC3fv3nkyk0t73PWOZb_GM3RGbCoYsepe3ClDoLWQ0S9E aQDkQhEB1FW4B3gifkMYDOoWHo6Gk1a395XJ6LZz3DYfAiIBWYFaGeSFmNvxTWzjeOS1dbtlCqxXppeD-EouhU5ASYl7FzHJXGwsEMicWww.5_2nOsaufzt_75ph7BCl8Db5hYzkCt kj4jNEv5GLRc&dib_tag=se&m=ACU8YC3YSHZI4&marketplaceID=AT VPDKIKX0DER&qid=1758942233&s=merchant-items&sr=1-5&th=1 |
| 4 | Amazon | Cloakm an | https://www.amazon.com/Full-Edge-Blackstone-All-SeasonProtectionCombination/dp/B0FG23B3YJ/ref=sr_1_67?crid=35JC88TVVPGH5& dib=eyJ2IjoiMSJ9.--5-OfBrnDwOWaQ7bNUsXHpCYTwxi9gfHzAHcY4TCkjIvtyUfKAEF mR8e0nK1ckGDXVr4I_SIAA4NnDhtHfjdhaORcJ1ANVPh32CyJZjC zYj_m00sEiSVg1tbmIzJCBeT8dSFCk6ay56qLhcPhYSDsilZBMkWFK_xzv4M unA_U.Ql68K4yuqspJUC4Ow7lyxAa82kj6Ww8d9nA4fvKgFtQ&dib _tag=se&keywords=blackstone%2Bgriddle%2Bcover&qid=17589440 23&sprefix=blackstone%2Bgriddle%2B%2Caps%2C528&sr=8- 67&xpid=QT4N9eIsluyiR&th=1 |
| 5 | Amazon | QH INC | https://www.amazon.com/Blackstone-Upgraded-Silicone-Protective-Accessories/dp/B0DRDBLWXV/ref=sr_1_70?crid=35JC88TVVPGH5&dib=eyJ2IjoiMSJ9.--5-OfBrnDwOWaQ7bNUsXHpCYTwxi9gfHzAHcY4TCkjIvtyUf |

| | | | |
|---|---|---|---|
| | | | KAEFmR8e0nK1ckGDXVr4I_SIAA4NnDhtHfjdhaORcJ1AN VPh32CyJZjCzYj_m00s-EiSVg1tbmIzJCBeT8dSFCk6ay56qLhcPhYSDsilZBMkWFK_ xzv4MunA_U.Ql68K4yuqspJUC4Ow7lyxAa82kj6Ww8d9nA4 fvKgFtQ&dib_tag=se&keywords=blackstone+griddle+cover& qid=1758944023&sprefix=blackstone+griddle+%2Caps%2C52 8&sr=8-70&xpid=QT4N9eIsluyiR |
| 8 | Amazon | lucky lin | https://www.amazon.com/Silicone-Blackstone-Protective-Accessories-Protection/dp/B0F244Z5SS/ref=sr_1_82_sspa?crid=35JC88TV VPGH5&dib=eyJ2IjoiMSJ9._-3BJRAcpR4vP6xeKUnY_gZT9z015S7TeMQR24-3FbQ.jdUZJsJ9l0r0t7qyw8dfyb-myqZC6PxFuxzpB8G3o20&dib_tag=se&keywords=blackstone %2Bgriddle%2Bcover&qid=1759018132&sprefix=blackstone %2Bgriddle%2B%2Caps%2C528&sr=8-82-spons&xpid=QT4N9eIsluyiR&sp_csd=d2lkZ2V0TmFtZT1zcF 9hdGZfbmV4dA&th=1 |
| 11 | Amazon | Alli-beauty | https://www.amazon.com/Alliggic-Wrap-Around-Blackstone-Mat%EF%BC%8CPremium-Accessories/dp/B0DYH7269Z/ref=sr_1_166?crid=35JC88TVV PGH5&dib=eyJ2IjoiMSJ9.jlo-u-a6CYtWLgRMpU0cQXnRfOjMq1-IK5vKZWGv9TPSogQ04-0t8eIdKBEsZ-wcTRNlfLUi6kCmAuaTwHA7daEB6kayykIRG_Z5OGANXL pXQTSyufqo2afhs_luVXvCREXb2YzKEbWFEQBGd79hTZ3 xyFYwjmSOIoq0_Cr3fEc.MPBXNM3ZSJFo_-RizmUE2kyzXKYAIIJAgo3B3ikiG1g&dib_tag=se&keywords =blackstone%2Bgriddle%2Bcover&qid=1759020070&sprefix= blackstone%2Bgriddle%2B%2Caps%2C528&sr=8-166&xpid=QT4N9eIsluyiR&th=1 |
| 13 | Amazon | DGDUB RB | https://www.amazon.com/DGDUBRB-Blackstone-Accessories-Comprehensive-Protection/dp/B0FC2BS9VF/ref=sr_1_201?crid=35JC88TVVP GH5&dib=eyJ2IjoiMSJ9.BCbsFu6RjN5EN8il09uJn3Oi1Nype DgCzl46vDjwQdVXV1btnxR2gIDalsNBP-qYlPWHyimBsn8QaUv671035TKEnrhMRlpM-RVeEhc1zmq-K5-v06wYqkXA_a4BbsSyevJlict2OW8AT0JCwQGJLHwBsCijo0f eh2pURFbeRsgj4DHTfSyy414-s1V30ZyzLUJ7GC_8FxViAlR7VoQQCw.cKTG1qnqrUAjnKS xYQxI0jQ4BdwDjy8gbUXwiKY9ud4&dib_tag=se&keywords =blackstone%2Bgriddle%2Bcover&qid=1759020993&sprefix= blackstone%2Bgriddle%2B%2Caps%2C528&sr=8-201&xpid=QT4N9eIsluyiR&th=1 |
| 14 | Walmart | Pupu Network | https://www.walmart.com/ip/Griddle-Cover-Blackstone-28-inch-Blackstone-Accessories-Silicone-Mat-Blackstone-Griddle- |

| | | | |
|---|---|---|---|
| | | Technol ogy | Cover-Full-Wrap-Around-Protective-Black-Stone-Grilling-Cover/15738907525?classType=VARIANT&athbdg=L1600&fr om=/search |