UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-25262-CIV-MARTINEZ

YINBING CHEN,

                Plaintiff,

    vs.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

                Defendants.

---

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT
AGAINST DEFENDANTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

## I.    <u>INTRODUCTION</u>

Plaintiff, by and through its undersigned counsel, hereby moves this Honorable Court for an entry of final default judgment against the Individuals, Partnerships and Unincorporated Associations listed in Exhibit "A" attached hereto ("Defaulting Defendants"). In support thereof, Plaintiff submits the following Memorandum of Law.

Plaintiff initiated this action against Defaulting Defendants through the filing of its Complaint for patent infringement. Defaulting Defendants are in default, and the prerequisites for a default judgment have been met. As a relief, Plaintiff seeks default judgment finding Defaulting Defendants liable on all counts of Plaintiff's Complaint. Plaintiff prays such judgment includes the entry of a permanent injunction and an award of statutory damages to Plaintiff for Defaulting Defendants' willful infringement pursuant to 35 U.S.C. § 271.

## II.    <u>STATEMENT OF FACTS</u>

### A.    **Plaintiff's Rights.**

Plaintiff is the lawful owner of all rights, title, and interest in and to the US patent No.

1

D1,007,236S ("Plaintiff's Patent" or "the '236 Patent"). *See* Exhibit 1 of Complaint [ECF No.1-2] and Exhibit 1 of the Declaration of Yinbing Chen in Support of Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction and Asset Restraint ("Chen Decl.") [ECF No.11]. The patent for the Plaintiff was lawfully issued by United States Patent and Trademark Office on December 12, 2023.

The registration for the '236 Patent is valid, in full force and effect pursuant to 35 U.S.C. §282. The registration for Plaintiff's patent constitutes *prima facie* evidence of their validity and of Plaintiff's exclusive right to use his Patents pursuant to 35 U.S.C. §§261, 282. Plaintiff's Patent has been used exclusively and continuously by Plaintiff and has never been abandoned.

### B.   Defaulting Defendants' Unlawful Activities

As alleged by Plaintiff, admitted by default, and established by the evidence submitted herewith, Defaulting Defendants operate and control e-commerce stores via third-party marketplace websites under their seller identification names and/or commercial Internet websites operating under their domain names as identified on the attached Exhibit A (the "Seller IDs"). They actively and deliberately engage in the making, using, distribution, offering for sale, sale, and importation of imitation products that unlawfully infringe upon the Plaintiff's patent (the "Infringing Products"). *See* Compl. ¶¶ 19-25; Chen Decl. ¶¶ 8-17; *see also* relevant web page captures from Defendants' Internet based e-commerce stores and commercial websites operating under the Seller IDs infringing the '236 Patent ("Defendants' Seller IDs") attached as Exhibit 3 to the Chen Decl.

Further, Defaulting Defendants do not have, nor have they ever had, the right or authority to use the '236 Patent for any purpose. *See* Chen Decl. ¶¶ 14, 19, 20. Despite their known lack

of authority to do so, Defaulting Defendants have engaged in the activity of making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products, bearing the Patent, that infringe directly and/or indirectly Accused Patent. *See* Compl. ¶¶ 19-25; *see also* Chen Decl. ¶¶ 8-17. Plaintiff's investigation accessed Defaulting Defendants' Internet based e-commerce stores operating under each of the Seller IDs, initiated orders for the purchase of various products infringing the '236 Patent at issue in this action from each Defaulting Defendant, and requested each product to be shipped to an address in this District. *Id.* At the conclusion of the process, the detailed web page captures and images of the Infringing Products where orders were initiated via Defendants' Seller IDs, were sent to Plaintiff's representative for review. *Id.*

Plaintiff's representative reviewed and inspected the Infringing Products ordered from each of the Seller IDs and by reviewing the e-commerce stores and websites operating under each of the Seller IDs, or the detailed web page captures and images of the items infringing the '236 Patent, determined the products were not genuine versions of Plaintiff's products. *Id.*

### C.      Procedural Background

Plaintiff filed the Complaint [ECF No.1] on November 12, 2025.  Defaulting Defendants were served with process on January 26, 2026. *See* Certificate of Service [ECF No. 25]. On February 17, 2026, Plaintiff moved for default against the Defaulting Defendants [ECF No.41]. The Clerk entered default against the Defaulting Defendants on February 18, 2026 [ECF No. 42]. Plaintiff now moves the Court to grant Final Default Judgment against Defaulting Defendants.

### III.    ARGUMENT

#### A.    Default Judgment Should be Entered Against Defaulting Defendants.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.  Personal jurisdiction over Defaulting Defendants and venue in this district are proper under 28 U.S.C. §1391 as Defaulting Defendants' direct business activities toward consumers within this district and cause harm to Plaintiff's business through the Seller Storefronts.

#### 1.    Default Judgment is Proper.

A court may order a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) following the entry of default by the court clerk under Rule 55(a). *See* Fed. R. Civ. P. 55. Upon entry of default by the clerk, the well-pled factual allegations of a plaintiff's complaint, other than those related to damages, will be taken as true. *PetMed Express, Inc. v. Medpets.com*, 336 F.Supp.2d 1213, 1217 (S.D. Fla. 2004) (citing *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)). In this case, the Complaint, pleadings, and declaration filed in support of Plaintiff's Motion for Entry of Final Default Judgment clearly demonstrate that default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defaulting Defendant.

#### 2.    Factual Allegations Establish Defaulting Defendants' Liability.

The well-pled factual allegations of Plaintiff's Complaint, including specifically those pled in Paragraphs 16-25 [ECF No.1], properly alleged the elements for design patent infringement. Moreover, the factual allegations in Plaintiff's Complaint, substantiated by the evidence submitted herewith, conclusively establish Defaulting Defendants' liability under the claim asserted in the Complaint. *See* Chen Decl. ¶ 8, 19, 20, 21 (Demonstrating that the Defaulting Defendants have engaged in the activities of making, using, offering for sale, selling, and/or importing into the United

States for subsequent sale or use products that bear the patent, thereby directly and/or indirectly infringing the Plaintiff's patent.).

Defaulting Defendants have infringed the Plaintiff's Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defaulting Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. The issue of "willful" infringement measures the infringing behavior, in the circumstances in which the infringer acted, against an objective standard of reasonable commercial behavior in the same circumstances. *Medtronic Xomed, Inc. v. Gyrus Ent LLC*, 440 F. Supp. 2d 1300, 1314 (M.D. Fla. 2006). The extent to which seller storefronts disregarded the property rights of Plaintiff, the deliberateness of Seller Storefronts' tortious acts and other manifestations of unethical and injurious commercial conduct provide the grounds for a finding of willful infringement and the enhancement of damages.  See *Id*.

Defaulting Defendants' infringement, contributory infringement and/or inducement to infringe has injured Plaintiff. Therefore, Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

Defaulting Defendants' infringement, contributory infringement and/or inducement to infringe has been willful and deliberate because Defaulting Defendants have notice of or knew of the '236 Patent and have nonetheless injured and will continue to injure Plaintiff, unless and until this Court enters an injunction, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products or services that come within the scope of the '236 Patent.

5

Accordingly, Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defaulting Defendant.

### B.      Plaintiff's Requested Relief Should Be Granted.

### 1.      Entry of a Permanent Injunction is Appropriate.

A district court "may grant injunctions in accordance with principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C § 283. "[I]n a default judgment setting, injunction relief is available. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiffs to prevent further infringement absent an injunction." *Atmos Nation, LLC* v. *Pana Depot, Inc.,* No. 14-CIV-62620, 2015 WL 11198010, at *2 (S.D. Fla Apr. 8, 2015); *see also Jackson v. Sturkie,* 255 F.Supp.2d. 1096 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that Defendants' infringing activity will cease. Therefore, Plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief barring continued patent infringement is appropriate where a plaintiff demonstrates 1) it has suffered irreparable injury; 2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547. U.S. 388, 392-93 (2006) A court's analysis of these factors "proceeds with an eye to the 'long tradition of equity practice' granting injunctive relief upon finding of infringement in the vast majority of patent cases.'" *Presidio Components, Inc. v. Am. Tech. Cermaics Corpo.,* 702 F.3d 1351, 1362 (Fed. Cir. 2012) (citation omitted). Indeed, "[a]bsent adverse equitable considerations, the winner of a judgment of validity and infringement may normally expect to regain the exclusivity that was lost with infringement." *Edwards Lifesciences AG v. CoreValve, Inc.,* 699 F.3d 1305, 1314 (Fed. Cir. 2012) *cert. denied*,

571 U.S. 820 (2013). Here, the undisputed facts conclusively establish the prerequisites for a permanent injunction.

First, the record is clear Plaintiff would suffer irreparable harm absent an injunction because Defaulting Defendants are in direct competition with Plaintiff.  Plaintiff is a practicing entity, *i.e.*, is selling its own patented product, and therefore Defaulting Defendants are competitors whose continued sales of sales of infringing products will damage Plaintiff's products quality, reputation, and erode Plaintiff's price point. *See Jaguar Imports, LLC v. Phoenix Global Ventures, Inc.,* No. 6: 12-CV-1486-ORL-31, 2013 WL 3491160, at *3 (M.D. Fla. July, 2013)*; see also Zen Design Grp., Ltd. v. Clint,* Case No. 08-cv-14309, 2009 WL 4050247, at *5 (E.D. Mich. Nov 23, 2009)(entering a default judgment of patent infringement and finding irreparable harm where the infringement has caused, or is likely to cause, irreparable price erosion and injury to the patentee's goodwill in the market. As discussed above, Plaintiff is likely to suffer two primary forms of irreparable harm: (1) loss of customers' goodwill and (2) reputational harm. (Chen Decl. ¶¶ 18-21).

Second, Plaintiff has no adequate remedy at law. Since Defendants have failed to appear, Plaintiff does not have the ability to discover the full extent of monetary damages they could recover from Defendants to compensate them for Defendants' infringement, thus, there is no adequate remedy at law. *Enpat, Inc. v. Budnic*, No. 6:11-CV-86-PCF-KRS, 2011 WL 1196420, at 1*4 (M.D. Fla. Mar. 29, 2011) (defendant's refusal to appear in the case "reinforces the inadequacy of a remedy at law and the irreparability of the harm absent an injunction"). Additionally, Plaintiff has no adequate remedy at law so long as Defendants continue to use the '236 Patent in connection with the operation of the e-commerce stores under the Seller IDs because Plaintiff will have no control of the quality of the goods that could be associated with

Plaintiff's Products. An award of money damages alone will not cure the injury to Plaintiff's reputation and goodwill which will result if Defendants' infringing actions are allowed to continue.

Third, Plaintiff faces hardship from loss of sales and the inability to control its good reputation and goodwill in the marketplace. The harm to Plaintiff's business in the form of loss of reputation and price erosion clearly outweighs the harm of preventing Defaulting Defendants selling infringing products, which harm is clearly of their own making. *See Windsurfing Int'l Inc., v. AMF, Inc.,* 782 F.2d 187, 100 n. 12 (Fed. Cir. 1986) ("One who elects to build a business on a product found to infringe cannot be heard to complaint if an injunction against continuing infringement destroys the business so selected.").

Fourth, the public interest is served by the entry of a permanent injunction in that "the public maintains an interest in protecting the rights of patent holders" and the product at issue is not of unusual "social benefit." *See Jaguar Imports,* supra at *5. The public interest supports an issuance of a permanent injunction against Defaulting Defendants to prevent consumers from being misled by Defaulting Defendants' products, and potentially harmed by their inferior quality. As Plaintiff has demonstrated, Defaulting Defendants have been profiting from the sale of Infringing Products. Thus, the balance of equities tips decisively in Plaintiff's favor. The public is currently under the false impression that Plaintiff has granted a license or permission to Defaulting Defendants with respect to the '236 Patent. In this case, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defaulting Defendants' actions. As such, equity requires that Defaulting Defendants be ordered to cease its unlawful conduct. "[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior." *See Chanel, Inc. v. besumart.com*, 240

8

F.Supp.3d 1283, 1291 (S.D. Fla. 2016); (alteration added; citation omitted); *see also World Wrestling Entm't, Inc. v. Thomas*, No. 12-21018-CIV, 2012 WL 12874190, at *8 (S.D. Fla. Apr. 11, 2012) (considering the potential for harm based on exposure to potentially hazardous counterfeit merchandise in analyzing public's interest in an injunction). Accordingly, Plaintiff is entitled to a permanent injunction.

Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Unless the listings and images are permanently removed, and the infringing goods destroyed, Defendants will be free to continue infringing Plaintiff's intellectual property with impunity and will continue to defraud the public with their illegal activities. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities.

**2.  Plaintiff is Entitled to Monetary Damages.**

Having established liability for patent infringement, a damages calculation must now take place. *See Arista Records, Inc. v. Beker Enters.,* 298 F.Supp.2d 1310, 1312 (S.D. Fla 2003). As a result of Defaulting Defendants' infringement of the Patents-In-Suit, Plaintiff is entitled to damages "adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer[.]" 35 U.S.C. § 284. Damages are typically calculated by either assessing actual damages in the form of lost profits or, if actual damages cannot be ascertained, by determining a reasonably royalty. *See IMX, Inc. v. E-Loan, Inc.,* 748 F.Supp.2d 1354, 1361 (S.D. Fla. 2010). "A reasonable royalty can be calculated from an established royalty, the infringer's profit projections for infringing sales, or a hypothetical negotiation between the patentee and infringer based on the factors in *Georgia–Pacific Corp. v. U.S. Plywood Corp.*, 318

9

F.Supp. 1116, 1120 (S.D. N.Y. 1970)." *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1319 (Fed. Cir. 2010).

Since Defaulting Defendants have chosen not to participate in these proceedings, Plaintiff has information regarding Defaulting Defendants' profits from the sale of Infringing Products only from the marketplace platform. Defaulting Defendants have failed to appear in this matter and have not produced additional documents or information: (1) characterizing each of the transactions in their financial accounts, (2) other accepted payment methods; or (3) other internet stores that they may be operating. As a result, calculating a reasonable royalty based upon profit projects or a hypothetical negotiation may be speculative.

Plaintiff therefore seeks a conservative reasonable royalty based on its prior established royalties. Based on Plaintiff's prior business practices, the commercial nature of Defendants' marketplace activity, and the administrative and compliance costs associated with licensing and monitoring authorized sales in U.S. e-commerce channels, Plaintiff would not license the Patents to an authorized seller for less than a minimum annual license fee of $5,000. *See* Decl. of Reiner, ¶6 attached hereto. Plaintiff requests a lump-sum reasonable royalty award of $5,000 per Defaulting Defendant as a conservative, non-punitive measure[1] that is supported by the present record. *Id.* at ¶7. To the extent the Court concludes additional proof is necessary to fix the royalty amount, Plaintiff respectfully requests that the Court permit supplemental declarations and/or conduct a limited evidentiary hearing under Fed. R. Civ. P. 55(b)(2).

---

[1] Although Plaintiff maintains that Defendants' violations were willful such that the damage amount may be trebled, Plaintiff is not requesting treble damages.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully request that this Court enter a Default Judgment against Defaulting Defendants for patent infringement, awarding damages, including a permanent injunction order prohibiting Defaulting Defendants from selling Infringing Products and ordering the transfer of funds from Defaulting Defendants' financial accounts, including those operated by Amazon, to Plaintiff, up to the amount of the reasonable royalty award.

**DATED:  March 12, 2026**                          Respectfully Submitted,

**REINER & REINER, P.A.**
*Counsel for Plaintiff*
9100 South Dadeland Blvd., Suite 901
Miami, Florida   33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
dpr@reinerslaw.com; eservice@reinerslaw.com

By: _____
   **DAVID P. REINER, II, ESQ.**; FBN 416400

## <u>CERTIFICATE OF SERVICE</u>

*I HEREBY CERTIFY that on **March 12, 2026**, I filed the foregoing with the Clerk of the Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.*

By: _____
**DAVID P. REINER, II**; FBN 416400

11