**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 25-25262-CIV-MARTINEZ**

**YINBING CHEN**,

 Plaintiff,

 vs.

**THE INDIVIDUALS, PARTNERSHIPS AND**
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE "A",**

 Defendants.

---

**[PROPOSED] ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Final Default Judgment Against Defendants The Individuals, Partnerships and Unincorporated Associations listed in the Exhibit A("Defaulting Defendants") [ECF No. ___]. The Court has considered the Motion, the record and is otherwise fully advised on the premises.

Clerk's Entries of Default [ECF No. 42], entered on February 18, 2026, against the Defendants, as they failed to appear, answer, or otherwise plead to the Complaint, despite having been served. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is **GRANTED**.

**I.      INTRODUCTION**

Plaintiff sued Defendants for patent infringement pursuant to 35 U.S.C. §§ 271. The Complaint alleges that Defendants are directly and/or indirectly importing, developing, manufacturing, distributing, marketing, offering to sell and/or selling products (the "Infringing Products") that infringe U.S. Patent No. D1,007,236S ("Plaintiff's Patent" or "the '236 Patent") into the Southern District of Florida, by operating the Defendants' Internet based e-commerce

1

stores operating under each of the Seller IDs identified on the Exhibit A attached to this Order (the "Seller IDs").

Plaintiff furthers assert that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from manufacturing, distributing, selling, offering for sale, and/or importing the patented inventions, as well as the loss of sales stemming from the infringing acts.

In their Motion for Final Default Judgment, Plaintiff requests that the Court (1) enjoin Defendants' unlawful use of the '236 Patent; (2) award Plaintiff damages in the form of reasonable royalty; and (3) instruct any third-party financial institutions in possession of any funds restrained or held on behalf of Defendants to transfer these funds to Plaintiff in partial satisfaction of the award.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default …"). Upon a review of Plaintiff's submissions, it appears there is a sufficient basis in the pleadings and evidence for default judgment to be entered in favor of Plaintiff.

## II.      FACTUAL BACKGROUND

Plaintiff is the owner of the U.S. Patent No. 12,219,236 B1, which were duly and legally issued by the United States Patent and Trademark Office. *See* Exhibit 1 to Complaint [ECF No. 1-

2].

Defendants, through the various Internet based e-commerce stores operating under each of the Seller IDs identified in the attached Schedule "A," have  actively and deliberately engage in the making, using, distribution, offering for sale, sale, and importation of imitation products that appear to be genuine Plaintiff's Patented Products, but which are actually inferior and unauthorized imitations of the Plaintiff's Patented Products. *See Id.* ¶¶ 19-25.

The plaintiff has submitted sufficient evidence showing each Defendant has infringed the '236 Patent. *See Id.*; *see also* Exhibit 3 to Chen Decl.

Plaintiff investigated the sale of infringing products by Defendants and to determine the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of Plaintiff's Patented products. *See* Chen Decl. ¶ 12 [ECF No. 11]. Chen accessed the e-commerce stores and websites operating under Defendants' Seller Storefronts, placed orders from each Defendant for the purchase of various products, directly or indirectly bearing the structure and/or design of Accused Patent. *See* Chen Decl. ¶ 12.

## III.    ANALYSIS

### A.    Jurisdiction Over Plaintiff's Claim

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. Personal jurisdiction over the Defendants and venue in this district are proper under Florida Statutes § 48.193(1)(a)(2), § 48.193(1)(a)(1), and 28 U.S.C. § 1391(b) as the Defendants direct business activities toward consumers throughout the United States, including within the State of Florida and this district and cause harm to Plaintiff's business (that also qualifies as "tortious acts") within this jurisdiction through the Internet based e-commerce stores and websites operating under the Seller IDs. *See* Compl. ¶¶ 3-6.

**B.**      **Liability**

**1.**      **Patent Infringement Pursuant to 35 U.S.C. § 271**

To establish patent infringement a plaintiff must establish that defendant has made, used, sold or offered for sale a product that meets at least one of the claims of the asserted patent. 35 U.S.C. § 271(a). The plaintiff must establish that "every limitation set forth in a claim [is] found in an accused product..." *Becton, Dickinson & Co. v. Tyco Healthcare Group, LP,* 616 F.3d 1249, 1253 (Fed. Cir. 2010) (quoting *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995)).

The well-pled factual allegations of Plaintiff's Complaint, including those pled in paragraphs 19-25 [ECF No. 1], properly allege the elements for patent infringement. Moreover, the factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under the claim asserted in the Complaint. *See* Chen Decl. ¶ 8-17 (Demonstrating that the Defaulting Defendants have engaged in the activities of making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products that bear the patented design, thereby directly and/or indirectly infringing the Plaintiff's patent.). Accordingly, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

**C.**      **Injunctive Relief**

A district court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. "[I]n a default judgment setting, injunctive relief is available. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction." *Atmos Nation, LLC v. Pana Depot, Inc.*, No. 14-CIV-62620,

2015 WL 11198010, at *2 (S.D. Fla. Apr. 8, 2015); *see also Jackson v. Sturkie*, 255 F.Supp.2d. 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief."); *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F.Supp.2d 1213, 1222-23 (S.D. Fla. 2004) (injunctive relief available in default judgment setting).

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). A court's analysis of these factors "proceeds with an eye to the 'long tradition of equity practice' granting 'injunctive relief upon a finding of infringement in the vast majority of patent cases.'" *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1362 (Fed. Cir. 2012) (citation omitted).  Indeed, "[a]bsent adverse equitable considerations, the winner of a judgment of validity and infringement may normally expect to regain the exclusivity that was lost with the infringement." *Edwards Lifesciences AG v. CoreValve, Inc.*, 699 F.3d 1305, 1314 (Fed. Cir. 2012) *cert. denied*, 571 U.S. 820 (2013). Plaintiff has carried their burden on each of the four factors, rendering permanent injunctive relief appropriate.

First, the record is clear Plaintiff would suffer irreparable harm absent an injunction because Defaulting Defendants are in direct competition with Plaintiff. Plaintiff is a practicing entity, *i.e.*, is selling its own patented product, and therefore Defaulting Defendants are competitors whose continued sales of infringing products will damage Plaintiff's products quality, reputation, and erode Plaintiff's price point. *See Jaguar Imports, LLC v. Phoenix Global Ventures, Inc.,* No. 6: 12-CV-1486-ORL-31, 2013 WL 3491160, at *3 (M.D. Fla. July, 2013)*; see also Zen Design*

*Grp., Ltd. v. Clint,* Case No. 08-cv-14309, 2009 WL 4050247, at *5 (E.D. Mich. Nov 23, 2009) (entering a default judgment of patent infringement and finding irreparable harm where the infringement has caused, or is likely to cause, irreparable price erosion and injury to the patentee's goodwill in the market). As discussed above, Plaintiff is likely to suffer two primary forms of irreparable harm: (1) loss of customers' goodwill and (2) reputational harm. (Chen Decl. of TRO at ¶¶ 20-21).

Second, Plaintiff has no adequate remedy at law. Since Defendants have failed to appear, Plaintiff does not have the ability to discover the full extent of monetary damages they could recover from Defendants to compensate them for Defendants' infringement, thus, there is no adequate remedy at law. *Enpat, Inc. v. Budnic*, No. 6:11-CV-86-PCF-KRS, 2011 WL 1196420, at 1*4 (M.D. Fla. Mar. 29, 2011) (defendant's refusal to appear in the case "reinforces the inadequacy of a remedy at law and the irreparability of the harm absent an injunction"). Additionally, Plaintiff has no adequate remedy at law so long as Defendants continue to use the '236 Patent in connection with the operation of the e-commerce stores under the Seller IDs because Plaintiff will have no control of the quality of the goods that could be associated with Plaintiff's Products. An award of money damages alone will not cure the injury to Plaintiff's reputation and goodwill which will result if Defendants' infringing actions are allowed to continue.

Third, Plaintiff faces hardship from loss of sales and the inability to control its good reputation and goodwill in the marketplace. The harm to Plaintiff's business in the form of loss of reputation and price erosion clearly outweighs the harm of preventing Defaulting Defendant selling infringing products, which harm is clearly of their own making. *See Windsurfing Int'l Inc., v. AMF, Inc.,* 782 F.2d 187, 100 n. 12 (Fed. Cir. 1986) ("One who elects to build a business on a product

6

found to infringe cannot be heard to complaint if an injunction against continuing infringement destroys the business so selected.").

Fourth, the public interest is served by the entry of a permanent injunction in that "the public maintains an interest in protecting the rights of patent holders" and the product at issue is not of unusual "social benefit." *See Jaguar Imports,* supra at *5. The public interest supports an issuance of a permanent injunction against Defaulting Defendant to prevent consumers from being misled by Defaulting Defendants' products, and potentially harmed by their inferior quality. As Plaintiff has demonstrated, Defaulting Defendants have been profiting from the sale of Infringing Products. Thus, the balance of equities tips decisively in Plaintiff's favor. The public is currently under the false impression that Plaintiff has granted a license or permission to Defaulting Defendant with respect to the '236 Patent. In this case, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defaulting Defendants' actions. As such, equity requires that Defaulting Defendant be ordered to cease its unlawful conduct. "[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior." *See Chanel, Inc. v. besumart.com*, 240 F.Supp.3d 1283, 1291 (S.D. Fla. 2016); (alteration added; citation omitted)); *see also World Wrestling Entm't, Inc. v. Thomas*, No. 12-21018-CIV, 2012 WL 12874190, at *8 (S.D. Fla. Apr. 11, 2012) (considering the potential for harm based on exposure to potentially hazardous counterfeit merchandise in analyzing public's interest in an injunction). Accordingly, Plaintiff is entitled to a permanent injunction.

Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Unless the listings and images are permanently removed, and the infringing goods destroyed, Defendants will be free to continue

infringing Plaintiff's intellectual property with impunity and will continue to defraud the public with their illegal activities. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities.

### D. Damages for Patent Infringement

Damages for patent infringement are governed by 35 U.S.C. § 284, which provides that "[u]pon finding for the claimant, the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." Design patent infringers may be liable for lost profits or a reasonable royalty. *Trell v. Marlee Elecs. Corp.*, 912 F.2d 1443, 1445 (Fed. Cir. 1990) ("The two methods by which damages are usually calculated under § 284 are assessment of actual damages (the profits the patentee lost due to the infringement) or, if actual damages cannot be ascertained, determination of a reasonable royalty.").

The Defendants have chosen not to participate in these proceedings, and Plaintiff has information only regarding Defaulting Defendants' revenues from the sale of Infringing Products as obtained from the marketplace platform. The Defendants have failed to appear in this matter and have not produced additional documents or information: (1) characterizing each of the transactions in their financial accounts, and costs and expenses, (2) other accepted payment methods; or (3) other internet stores that they may be operating. As a result, Plaintiff seeks a reasonable royalty as the measure of damages. See *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1319 (Fed. Cir. 2010) ("A reasonable royalty can be calculated from an established royalty, the infringer's profit projections for infringing sales, or a hypothetical negotiation between the patentee and infringer….").

Based on Plaintiff's business practices, the commercial nature of Defendants' marketplace activity, and the administrative and compliance costs associated with licensing and monitoring authorized sales in U.S. e-commerce channels, Plaintiff has introduced evidence that it would not license the Patents to an authorized seller for less than a minimum annual license fee of $5,000. *See* Decl. of Reiner, ¶6. Plaintiff's established royalty of $5,000 per Defaulting Defendant is a conservative, non-punitive measure that is supported by the present record. *Id.* at ¶7.

A default monetary judgment is appropriate in this case without the need for a hearing. "Evidentiary hearings are required in all but limited circumstances, such as when hearing any additional evidence would be truly unnecessary to a fully informed determination of damages." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F.App'x 737, 744 (11th Cir. 2017); *S.E.C. v. Smyth*, 420 F.3d 1225, 1231–32 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record."); *UMG Recording, Inc. v. Roque*, No. 08- 21259-CIV, 2008 WL 2844022 at *1 (S.D. Fla. July 23, 2008) ("Where all the essential evidence is of record, an evidentiary hearing on damages is not required . . . .").

Here, the allegations in the Complaint, which are taken as true, along with the evidence in this case, demonstrate Defendants intentionally infringed the '236 Patent. Based on the above considerations, the Court finds that this award of damages falls within the permissible range under 35 U.S.C. 284 and is just.

## IV.      CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion is **GRANTED** against those Defendants listed in the attached Exhibit A. Final Default Judgment will be entered by separate order.

DONE AND ORDERED in Chambers at the Southern District of Florida, this ___ day  of

_____ 2026.

_____

**JOSE E. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**

| No. | Platform | Shop Name | Seller ID | ASINs |
|---|---|---|---|---|
| 2 | Amazon | FineWay | A2TRNPLA6S18IB | B0D9ND9SNP |
| 8 | Amazon | lucky lin | A1KFBBH0CEUM3X | B0F244Z5SS |
| 13 | Amazon | DGDUBRB | A1IQEJVXOPTZ1N | B0FC2BS9VF |